# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: May 25, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| SCOTT YOUNGMARK, | * | |
| | * | |
| Petitioner, | * | No. 17-1431V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Damages; Shoulder Injury |
| AND HUMAN SERVICES, | * | Related to Vaccine Administration; |
| | * | Influenza ("flu"). |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Joseph M. Russell,* Von Briesen & Roper, S.C., Milwaukee, WI, for petitioner.
*Jennifer L. Reynaud,* U.S. Dept. of Justice, Washington, D.C., for respondent.

## DECISION ON DAMAGES[1]

On October 4, 2017, Scott Youngmark ("petitioner") filed a petition in the National Vaccine Injury Compensation Program.[2]  Petition (ECF No. 1).  Petitioner alleged that as a result of receiving the influenza ("flu") vaccine on March 29, 2017, he suffered a Table Shoulder Injury Related to Vaccine Administration ("SIRVA").  *Id.*  On September 29, 2021, the undersigned issued a Ruling on Entitlement, finding that petitioner was entitled to compensation. Ruling on Entitlement (ECF No. 64).

On May 24, 2022, the respondent filed a Proffer of Award of Compensation, which indicates petitioner's agreement to compensation on the terms set forth therein.  Proffer (ECF No. 76).  The proffer is attached hereto as Appendix A.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.  The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  An objecting party must provide the court with a proposed redacted version of the opinion.  *Id.*  If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.  *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act").  Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

**Consistent with the terms in the attached Proffer, I hereby award the following in compensation for all damages that would be available under 42 U.S.C. §300aa-15(a):**

1) **A lump sum payment of $65,000.00 (for actual and projected pain and suffering) in the form of a check made payable to petitioner.**

The Clerk of the Court is directed to **ENTER JUDGMENT** in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).

THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| SCOTT A. YOUNGMARK,<br><br>        Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>        Respondent. | No. 17-1431V<br>Special Master Gowen |

**PROFFER ON AWARD OF DAMAGES**

On October 4, 2017, Scott A. Youngmark ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. The Petition alleges that petitioner received an influenza ("flu") vaccine on March 29, 2017, and that he subsequently suffered a left Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table. Petition at 1. On September 29, 2021, the Special Master issued a Ruling on Entitlement, finding that petitioner was entitled to compensation for his left SIRVA.[1] *See* Ruling on Entitlement (ECF No. 64).

**I.    Item of Compensation**

Respondent proffers that petitioner should be awarded $65,000.00 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's September 29, 2021 entitlement ruling.

1

been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

## II.  Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of **$65,000.00** in the form of a check made payable to petitioner.[2] This lump sum payment represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

s/Jennifer L. Reynaud
JENNIFER L. REYNAUD
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-1586
Jennifer.L.Reynaud@usdoj.gov

DATED: May 24, 2022

---

[2] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.