# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: March 22, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| SCOTT YOUNGMARK, | * | |
| | * | |
| Petitioner, | * | No. 17-1431V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Final Attorneys Fees' and Costs; |
| AND HUMAN SERVICES, | * | Shoulder Injury Related to Vaccine |
| | * | Administration. |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Joseph M. Russell,* Von Briesen & Roper, S.C., Milwaukee, WI, for petitioner.
*Jennifer L. Reynaud,* U.S. Dept. of Justice, Washington, D.C., for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 22, 2022, Scott Youngmark ("petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorneys' Fees ("Fees App.") (ECF No. 81). For the reasons discussed below, the undersigned **GRANTS** petitioner's motion for final attorneys' fees and costs and awards a total of $62,835.03.

### I.     Procedural History

On October 4, 2017, petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that as a result of receiving the influenza ("flu") vaccine on March 29, 2017, he suffered a Table Shoulder Injury Related to Vaccine Administration ("SIRVA"). *Id.* On September 29, 2021, the undersigned issued a Ruling on Entitlement, finding that petitioner was entitled to compensation. Ruling on Entitlement (ECF No. 64).

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes. *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On May 24, 2022, the respondent filed a Proffer of Award of Compensation, which I adopted as my Decision on Damages (ECF No. 77).

On December 22, 2022, petitioner file da motion for attorneys' fees and costs. Petitioner requests compensation for his attorney, Mr. Joseph Russell at von Briesen & Roper, S.C. in the total amount of $64,560.00 in attorneys' fees and $1,254.53 in attorneys' costs. Fees App. at 1. Respondent filed a response to petitioner's motion the same day stating, "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Respondent's ("Resp.") Response at 2 (ECF No. 82). Respondent, stating that he "no longer has sufficient resources to provide detailed objections to requests for attorneys' fees and costs," requests that the Court "exercise its discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

Petitioner has not filed a reply. This matter is now ripe for adjudication.

## II. Analysis

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation, but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). In this case, Petitioner was awarded compensation pursuant to a stipulation, and therefore he is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a. Hourly rate

Petitioner requests that Mr. Russell be reimbursed at the following hourly rates for the five years he was counsel in this matter:

| Year | Rate |
|---|---|
| 2017-2019 | $330 |
| 2020 | $390 |
| 2021 | $410 |
| 2022 | $430 |

The hourly rate petitioner is requesting for Mr. Russell for the time billed in 2017-2019 is consistent with the hourly rate Mr. Russell has previously been awarded. However, the requested rates for work performed in 2020 and 2021 is higher than what has been previously awarded for those years. In *Sheppard,* Mr. Russell's hourly rate in 2020 was reduced to $350 per hour and his hourly rate for work performed in 2021 was reduced to $375. *Sheppard v. Sec'y of Health & Human Servs.,* No. 18-1354V, 2021 WL 3916910 (Fed. Cl. Spec. Mstr. July 30, 2021). The rates awarded to Mr. Russell for

2020 and 2021 by the Chief Special Master are also consistent with the OSM Attorneys' Forum Hourly Rate Fee Schedules for someone with 11-19 years of experience.[3] Further, I find that an hourly rate of $400 per hour for work performed by Mr. Russell in 2022 is an appropriate hourly rate that is also consistent with his years in practice and his experience in the Vaccine Program.

### b. Hours expended

Upon review of the submitted billing statement, I find the overall hours spent on this matter appear to be reasonable. The billing entries appear to accurately reflect the work that performed and the amount of time spent on each task was adequately documented. Additionally, respondent has not identified any particular entries as being objectionable, and upon review, I do not find any objectionable entries either. Accordingly, petitioner is entitled to $61,180.50 in attorneys' fees, a reduction of $3,379.50, representing the reduced hourly rate discussed above.

### c. Attorneys' costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner request a total of $1,654.53 in attorneys' costs. These costs include obtaining petitioner's medical records, the filing fee, and postage. Such costs are routinely reimbursed and petitioner has provided adequate documentation for those costs and all appear to be reasonable. Accordingly, petitioner is entitled to the full amount of costs sought.

## III. Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested: | $64,560.00 |
| (Reduction in Fees): | ($-3,379.50) |
| **Attorneys' Fees Awarded:** | **$61,180.50** |
| Attorneys' Costs Requested: | $1,654.53 |
| (Reduction in Costs): | ----- |
| **Attorneys' Costs Awarded:** | **$1,654.53** |
| **Total Attorneys' Fees and Costs:** | **$62,835.03** |

**Accordingly, I award the following:**

1) **A lump sum in the amount of $62,835.03, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and his attorney, Mr. Joseph Russell.**

---

[3] The Office of Special Masters publishes annual Forum Hourly Rate Fee Schedule that can be accessed at https://www.uscfc.uscourts.gov/node/2914

    In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

    **IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).